IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALONZO TRAYLOR, )<br>   Petitioner, )<br>     ) <br>vs.      ) <br>     ) <br>DIRECTOR, TDCJ-CID    ) <br>   Respondent.    ) | No. 3:23-CV-754-L (BH)<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 10, 2023 (doc. 2), should be **DISMISSED**.

### I.  BACKGROUND

Alonzo Traylor (Petitioner), an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence in Cause No. F-91-71401-QT in the 283rd Judicial District Court of Dallas County, Texas. (*See* doc. 2 at 2.) He also appears to challenge an alleged 2020 parole violation warrant or parole revocation. (*See id.* at 5-6.)

On March 26, 1992, Petitioner was convicted of possession of cocaine with intent to deliver, enhanced, in Cause No. F-91-71401-QT in the 283rd Judicial District Court of Dallas County, Texas, and sentenced to 35 years' imprisonment. (*See id.* at 2); *Traylor v. State*, 855 S.W.2d 25, 26 (Tex. App.—El Paso 1993, no pet.). His conviction was affirmed on April 7, 1993. *See Traylor*, 855 S.W.2d at 26. In 2010, Petitioner was released to parole, which expires on December 2, 2026, if satisfactorily completed. (*See* doc. 2 at 12); *see also Clerk's Record – 11.07*, *Ex parte Traylor*, No. W91-71401-T(N) at 154-55, 165 (283rd Jud. Dist. Ct., Dallas Cty., Tex.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

Jan. 26, 2023).

In 1999, Petitioner filed his first state habeas application relating to his 1992 conviction, and available public records show that he has filed more than ten additional state habeas applications relating to the same conviction since then. *See* Court of Criminal Appeals - Case Search, *available at* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c. In his most recent state habeas application, received by the state trial court on December 7, 2022, Petitioner challenged an alleged August 2020 parole revocation. *See Clerk's Record – 11.07*, *Ex parte Traylor*, No. W91-71401-T(N) at 103-21. The Texas Court of Criminal Appeals denied that state habeas application without written order on February 22, 2023. *See Ex parte Traylor*, No. WR-45,333-21 (Tex. Crim. App. Feb. 22, 2023).

Petitioner also has filed four prior federal habeas petitions for a writ of habeas corpus under § 2254 challenging his 1992 conviction. *See Traylor v. Dretke*, No. 3:05-CV-413-L (N.D. Tex. Feb. 25, 2005), doc. 1; *Traylor v. Dretke*, No. 3:04-CV-2432-H (N.D. Tex. Nov. 3, 2004), doc. 1; *Traylor v. Dretke*, No 3:04-CV-1315-D (N.D. Tex. June 10, 2004), doc. 1; *Traylor v. Dretke*, No. 3:03-CV-421-G (N.D. Tex. Feb. 27, 2003), doc. 1. The first § 2254 petition was denied and dismissed on the merits on September 12, 2003, and the remaining petitions were dismissed as successive. *See Traylor*, No. 3:03-CV-421-G, doc. 32; *Traylor*, No. 3:05-CV-413-L, doc. 8; *Traylor*, No. 3:04-CV-2432-H, doc. 6; *Traylor*, No. 3:04-CV-1315-D, doc. 7. On June 9, 2005, Petitioner was barred from pursuing any other federal habeas actions challenging his 1992 conviction absent a showing that the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) had granted authorization for him to file a second or successive § 2254 petition, as required by 28 U.S.C. § 2244(b)(3)(A). *See Traylor*, No. 3:05-CV-413-L, doc. 8. The Fifth Circuit also assessed a $200 monetary sanction on Petitioner and barred him from filing any pleading in the

Fifth Circuit or the district court concerning the validity of his 1992 conviction or sentence. *See In re Traylor*, No. 05-10817 (5th Cir. Aug. 2, 2005).

Petitioner again challenges his 1992 conviction, and he also appears to challenge a 2020 parole violation warrant or parole revocation on the following grounds:

(1) The Petitioner contends that there is 'no evidence' for a parole violation;

(2) The Petitioner contends that the direct appeal was ineffective assistance [sic];

(3) The state knowingly presented perjury [sic] testimony;

(4) The state knowingly withheld evidence;

(5) The police misconduct;

(6) The Petitioner allege [sic] that his indictment is invalid;

(7) The jury misconduct;

(8) The Petitioner contends that the evidence is insufficient;

(9) Petitioner contends that his sentence is illegal;

(10) The Petitioner contends that his arrest was illegal;

(11) The Petitioner allege [sic] that the judge acted in misconduct [sic];

(12) The Petitioner contends that his conviction is double jeopardy;

(13) The Petitioner contends that the grand jury failed to 'no bill'; and

(14) The Petitioner contends that his trial counsel was ineffective assistance [sic].

(doc. 2 at 6-10.)

## II.   SANCTIONS

Notwithstanding the prior sanctions and filing bars imposed against him by the Fifth Circuit and this Court, Petitioner has again sought to collaterally challenge his 1992 conviction and sentence under § 2254 in his second through fourteenth grounds for relief. (*See* doc. 2 at 6-10.)

He has not shown that he has been granted authorization from the Fifth Circuit to file a successive § 2254 petition, and he has not demonstrated that he has paid the $200 monetary sanction imposed by the Fifth Circuit. Based on the prior monetary and filing sanctions imposed on Petitioner for future challenges to his 1992 conviction and sentence under § 2254, he may not proceed with his claims challenging that conviction. Accordingly, any claims in the § 2254 petition challenging his 1992 conviction and sentence should be dismissed absent a showing that he has satisfied the monetary sanction imposed against him by the Fifth Circuit and the filing sanctions imposed by this Court and the Fifth Circuit.

### III.    JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. LaVallee*, 391 U.S. 234, 238

(1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963).

Here, Petitioner contends in his first ground "that there is 'no evidence' for a parole violation." (doc. 2 at 6.) He argues that the "parole violation warrant that was issued on August 27, 2020 should be 'dismissed' or 'set aside'[,]" and references a COVID-19 medical payment that was issued at a hospital on August 3, 2020. (*Id.*) The petition also indicates, however, that at the time he filed his petition, he was not in custody as a result of any alleged parole violation warrant or revocation. (*See* doc. 2 at 1, 13, 15.) Because he was not, and is not currently, in custody on the alleged parole violation warrant or parole revocation for purposes of § 2254, any claims challenging a warrant or revocation should be dismissed for lack of jurisdiction.[2]

## IV. RECOMMENDATION

Any claims in the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 10, 2023 (doc. 2), challenging Petitioner's 1992 conviction should be **DISMISSED** based on the prior filing and monetary sanctions imposed against him by the Fifth Circuit and this Court, and any claims challenging an alleged 2020 parole violation warrant or parole revocation should be **DISMISSED** for lack of jurisdiction.

**SO RECOMMENDED on this 19th day of April, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Petitioner's claim regarding his alleged parole violation warrant or parole revocation relies on challenges to the validity of his 1992 conviction, it is barred from review absent satisfaction of the sanctions imposed against him, as discussed.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE