IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALONZO TRAYLOR,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-754-L** |
| | § | |
| **DIRECTOR, TDCJ-CID**, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered on April 19, 2023, recommending that the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. 3) filed by pro se Petitioner Alonzo Traylor ("Petitioner") be dismissed. In the Petition, Petitioner asserts 14 grounds for relief, challenging his 1992 conviction and a 2020 parole violation. The Report recommends dismissal of all of Petitioner's claims for three reasons: (1) Petitioner is barred by this court from pursuing any federal habeas actions related to his 1992 conviction absent permission from the Fifth Circuit to file a second or successive Section 2254 petition; (2) he has an unpaid $200 sanction from the Fifth Circuit which bars him from filing any pleading concerning his 1992 conviction; and (3) any claim related to his 2020 parole violation is outside the limited jurisdiction that federal courts have to entertain petitions for writs of habeas corpus because Petitioner is not in custody.

On April 28, 2023, Petitioner filed objections to the Report, asserting that he paid the $200 sanction to the Fifth Circuit on April 28, 2023, and presenting arguments related to his 1992 conviction. Doc. 6 at 1-2. He argues that he is actually innocent of the 2020 parole violation because he was detained in COVID-19 quarantine, and that because this claim is new to this court,

it is not barred. *Id*. at 3. The Fifth Circuit filed a notice confirming Petitioner's payment of the $200 sanction. Doc. 7. Accordingly, the court **sustains** Petitioner's objection to the extent that payment of this sanction was received by the clerk of court on April 28, 2023; however, the sanction had not been paid at the time the magistrate judge issued her Report on April 19, 2023. Although the magistrate judge's determination was correct as of April 19, 2023, it is no longer correct as Petitioner has paid the sanction. Thus, his failure to pay the monetary sanction by the date the Report was issued cannot be a basis to dismiss the Petition. In any event, the matter is moot.

Although Petitioner successfully objected to one reason for dismissal, his objections do not address the two other reasons, namely, this court's bar from pleading successive habeas claims and him not being in custody with regard to his 2020 parole violation. To the extent that Petitioner's voluminous exhibits offer objections related to his 1992 conviction or his parole violation, the court **overrules** those objections. As he presents no new facts or points to any errors in the Report regarding these two matters, the two reasons for recommending dismissal remain unchanged.

Having considered the Petition, Report, file, and record, and Petitioner's filings, and having made a *de novo* review of any portion of the Report to which Petitioner objects, the court determines that the magistrate judge's finding and conclusions in the Report are correct insofar as it recommends dismissal because Petitioner is barred from bringing successive habeas claims related to his 1992 conviction and for failure to show jurisdiction over his 2020 parole violation claim, and **accepts** them as those of the court. Plaintiff fails to point to controlling law or offer new facts showing that the Report's recommendation is incorrect, and instead attempts to relitigate his previous habeas claims related to his 1992 conviction. Further, he does not present any

**Order – Page 2**

evidence that he is in custody or subject to any restraint on his liberty, and thus this court does not have jurisdiction over his parole violation claim. As stated previously, the court **sustains** Petitioner's objection to the portion of the Report that recommends dismissal for failure to pay the Fifth Circuit's monetary sanction because Plaintiff has paid the sanction. Accordingly, the court **dismisses with prejudice** Plaintiff's claims related to his 1992 conviction as barred, and **dismisses without prejudice** his claim related to his 2020 parole violations for lack of subject matter jurisdiction. The court therefore dismisses this action against the Director of TDCJ-CID.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[1] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**

in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 11th day of May, 2023.

                                                  Sam A. Lindsay
                                                  United States District Judge